IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAJAN DURHAM, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 17-5793 |
| | : | |
| v. | : | |
| | : | |
| GOVERNOR TOM WOLF, JUDGE GAIL A. WEILHEIMER, PA. SUPREME COURT JUDGES, MONTGOMERY COUNTY, DISTRICT ATTORNEY, MONTGOMERY TOWNSHIP MAGISTRATE, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM OPINION**

Smith, J.                                                                                                               February 28, 2018

The *pro se* plaintiff, Tajan Durham ("Durham"), commenced this action by filing an application to proceed *in forma pauperis* (the "IFP Application") and a proposed complaint on December 13, 2017.[1] Doc. No. 1. The court reviewed the IFP Application and entered an order on January 12, 2018, which denied without prejudice the IFP Application because Durham failed to comply with 28 U.S.C. § 1915(a) insofar as he did not include (1) a statement of all assets he possesses, and (2) a certified copy of his prisoner account statement for the six-month period

---

[1] In the complaint, Durham brings claims under 42 U.S.C. § 1983 against the defendants for violations of his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. *See* Compl. at ECF p. 3, Doc. No. 1-1. Durham alleges that the defendants violated these rights when the Commonwealth of Pennsylvania (through the Montgomery County District Attorney's Office) used hearsay evidence to support its *prima facie* case of certain charge(s) that Durham is facing in the Montgomery County Court of Common Pleas. *Id.* at ECF pp. 1-6. It appears that Durham's defense counsel in the criminal case filed a motion for a writ of habeas corpus challenging the use of the hearsay evidence to support a *prima facie* showing at a preliminary hearing, but the state court denied the motion. *Id.* at ECF p. 3. Durham asserts that he is currently awaiting trial while detained at the Montgomery County Correctional Facility. *Id.*

      In addition to the claims of the denial of his constitutional rights, Durham challenges the constitutionality of Rule 542(E) of the Pennsylvania Rules of Criminal Procedure. *Id.* at ECF pp. 1-2. Rule 542(E) states as follows:

> Hearsay as provided by law shall be considered by the issuing authority in determining whether a *prima facie* case has been established. Hearsay evidence shall be sufficient to establish any element of an offense, including, but not limited to, those requiring proof of the ownership of, non-permitted use of, damage to, or value of property.

Pa. R. Crim. P. 542(E).

preceding the filing of this action on or about December 13, 2017.[2]  *See* Order at 1, Doc. No. 3. In the order, the court also directed Durham as follows:

> If the plaintiff seeks to proceed *in forma pauperis*, he should, within thirty (30) days of the date of this order, complete and sign the form and return it to the clerk of court with a certified copy of his prisoner account statement showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined from June 13, 2017, through December 13, 2017. Alternatively, the plaintiff may proceed with this case by paying the $350 filing fee and $50 administrative fee to the clerk of court within thirty (30) days of the date of this order.

*Id.* at 2.[3]  In addition, the court informed Durham that if he did not comply with the terms of the order, the court may dismiss the case without prejudice for his failure to prosecute without further notice to him.  *See id.* at 3.

Despite the passage of 46 days since the date of the order, Durham has not (1) completed and filed an *in forma pauperis* application with a certified copy of his prisoner account statement showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined from June 13, 2017, through December 13, 2017, or (2) remitted the $350 filing fee and $50 administrative fee to the clerk of court.  He has not sought an extension of time to file the *in forma pauperis* application or pay the filing and administrative fees.  Therefore, Durham has not complied with the court's January 12, 2018 order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  The court may also *sua sponte* dismiss an action for lack of prosecution, in the absence of a motion to dismiss, "in order to achieve the

---

[2] In the order, the court explained that pursuant to the federal prisoner mailbox rule, Durham filed the IFP Application and proposed complaint on December 13, 2017.  *See* Order at 1-2, n.1.
[3] The court also directed the clerk of court to furnish the plaintiff with a blank copy of the current standard prisoner *in forma pauperis* form bearing the civil action number for this action.  *See* Order at 2.

orderly and expeditious disposition of cases." *Allen v. American Fed'n of Gov't Emps.*, 317 F. App'x 180, 181 (3d Cir. 2009) (per curiam).

If the court was considering dismissing this action with prejudice for lack of prosecution, the court would undoubtedly have to consider the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994) ("Ordinarily, when a court is determining *sua sponte* or upon motion of a defendant whether to dismiss because of a plaintiff's failure to prosecute" the court must consider the *Poulis* factors); *see also McLaren v. New Jersey Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (per curiam) ("Typically, district courts are required to evaluate the factors set forth by [*Poulis*] to determine whether dismissal is appropriate."). Here, the court intends to dismiss this action without prejudice and it does not appear that there are any statute of limitations concerns as Durham alleges that the preliminary hearing occurred on March 21, 2017, *see* Complaint at ECF p. 3.[4] Therefore, it does not appear that the court must consider *Poulis* before dismissing this action without prejudice.[5] Accordingly, the court will dismiss this action without prejudice due to Durham's failure to prosecute.

The court will enter a separate order.

BY THE COURT:

_/s/ Edward G. Smith_
EDWARD G. SMITH, J.

---

[4] "The statute of limitations applicable to § 1983 claims in Pennsylvania is two years." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citation omitted). The Third Circuit has required district courts to apply *Poulis* where "a *pro se* litigant's right to bring suit may well be irretrievably lost if the dismissal stands." *Hernandez v. Palakovich*, 293 F. App'x 890, 894 n. 8 (3d Cir. 2008).

[5] Even if the court were to consider *Poulis*, dismissal of this action without prejudice would still be appropriate. The six *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) the extent of prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal including an analysis of those alternative sanctions; and (6) the meritoriousness of the claim or defense. 747 F.2d at 868.